IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL S. WILSON,<br><br>Defendant. | 8:22CR121<br><br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the Motion to Dismiss Indictment (Filing No. 38). For the reasons explained below, the undersigned recommends that Defendant's Motion to Dismiss be denied.

PROCEDURAL BACKGROUND

On October 18, 2023, the assigned magistrate judge[1] ordered the government to file its brief in opposition on or before October 27, 2023 and it was timely filed. (Filing No. 39, Filing No. 41). Defendant made several unopposed motions to continue the status conferences set in this case and the time between each call was deemed excludable time for any computation under the requirement of the Speedy Trial Act. (Filing Nos. 43, 44, 45, 46, 48, 52, 53, 54). During the call on July 25, 2024, the assigned magistrate judge[2] set an August 30, 2024 deadline for the government to file supplemental briefs, with Defendant's response due on September 13, 2024. (Filing No. 54). The government filed a supplemental response to Defendant's motion to dismiss on August 30, 2024 to include recent case law. (Filing No. 55). After several extensions, Defendant filed a response brief on November 12, 2024 (Filing No. 62) and the matter is now ripe for disposition.

---

[1] The Honorable Susan M. Bazis, United States District Judge for the District of Nebraska, who was the Magistrate Judge assigned to the case at that time.
[2] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

FACTUAL BACKGROUND

Defendant was previously convicted of two charges of Unlawful Possession with Intent to Deliver a Controlled Substance (Marijuana), a Class III felony under Nebraska law. Defendant was initially sentenced to 36 months' probation on May 17, 2012. ([Filing No. 42-1](#)). At sentencing on January 24, 2013, Defendant's probation was revoked and he was sentenced to 3 to 5 years' imprisonment on Count I. At sentencing on January 31, 2013, Defendant was sentenced to 3 to 5 years' imprisonment on Count II, the sentence to run concurrently with the sentence imposed on Count I. ([Filing No. 42-1 at CM/ECF pp. 10-13](#)).

On February 10, 2021, an individual cooperating with law enforcement purchased a Ruger Mark IV .22 caliber handgun from Defendant. This transaction occurred in the cooperator's vehicle outside an apartment complex in Omaha, Nebraska. On June 16, 2022, the same cooperator purchased an FNS-9mm handgun from Defendant. This transaction also occurred in the cooperator's vehicle outside of a restaurant in Omaha, Nebraska. On May 17, 2022, Defendant was charged with two counts of Felon in Possession of a Firearm in violation of [18 U.S.C. §§ 922(g)(1)](#) and [18 U.S.C. 924(a)(2)](#), and the Indictment refers to the January 2013 convictions. ([Filing No. 1](#)).

ANALYSIS

Defendant now alleges that the felon in possession of a firearm statute is unconstitutional, both facially and as applied to him in violation of the Second Amendment. He relies in particular on the Supreme Court's decision in [*New York State Rifle & Pistol Ass'n Inc. v. Bruen,* 597 U.S. 1 (2022)](#). ([Filing No. 38](#)), issued after the Indictment was returned in this case. In *Bruen,* the Supreme Court held that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." [*Id.* at 19](#). Defendant argues that he was "bearing" a firearm and "no violation or dangerous facts are at hand." ([Filing No. 38 at CM/ECF p. 4](#)). Thus, Defendant argues his conduct is presumptively protected by the Constitution, post *Bruen*, and his non-violent criminal history does not justify the prohibition under § 922(g)(1).

The Eighth Circuit Court of Appeals, however, has expressly rejected constitutional challenges like Defendant's to § 922(g)(1) post-*Bruen. See* [*United States v. Jackson*, 110 F.4th](#)

1120, 1122 (8th Cir. Aug. 8, 2024) (or "*Jackson* II"). In that recent case, the Eighth Circuit concluded that "Congress acted within the historical tradition when it enacted §922(g)(1) and the prohibition on possession of firearms by felons" and that "recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons." *Id.* at 1129. A brief overview of the relevant case progression concerning theses issues may prove helpful as the Eighth Circuit has issued a number of opinions relevant to Defendant's arguments since the motion was filed in this case.

In *United States v. Jackson,* 69 F.4th 495, 501 (8th Cir. 2023) (or "Jackson I"), the defendant was previously convicted of two drug offenses, both involving the sale of a controlled substance. He was later found to be in possession of a handgun and a federal grand jury charged him with unlawful possession of a firearm as a previously convicted felon pursuant to §922(g)(1). Defendant was later convicted of that offense, but moved to dismiss the indictment prior to sentencing based on the Second Amendment in light of *Bruen*. In particular, the defendant argued that §922(g)(1) was unconstitutional as applied to him because his drug offenses were 'non-violent' and did not show that he was more dangerous than a typical law-abiding citizen. *See id.* The Court, however, found that "those who commit *serious* crimes – whether violent or nonviolent – forfeit their right to possess firearms." The Eighth Circuit issued two other opinions following *Jackson* denying facial and as-applied challenges to 18 U.S.C. 922(g)(1), including *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023) and *United States v. Doss*, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023).

On June 21, 2024, the Supreme Court issued its decision in *United States v. Rahimi*, 602 U.S. 680 (2024), finding that 18 U.S.C. § 922(g)(8) is constitutional on its face. On July 2, 2024, the Supreme Court vacated the judgments in *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023), *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023), and *United States v. Doss*, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023), and remanded those cases to the Eighth Circuit Court of Appeals for further consideration in light of *Rahimi*. See *Jackson v. United States*, 144 S.Ct. 2710 (2024); *Cunningham v. United States*, 144 S.Ct. 2713 (2024); *Doss v. United States*, 144 S.Ct. 2712 (2024).

On remand, the Eighth Circuit Court of Appeals specifically found: "Rahimi does not change our conclusion in this appeal, and we again affirm the judgment of the district court." *Jackson II,* 110 F.4th at 1122. The Court specifically held as follows:

> We conclude that the district court was correct that § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Id. at 626; see *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion) ("We repeat those assurances here."). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 597 U.S. at 70, did not disturb those statements or cast doubt on the prohibitions. See *id*. at 72 (Alito, J., concurring); *id*. at 81 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 129 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Neither did the decision in *Rahimi*. See 144 S.Ct. at 1901-02. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

See *id.* at 1125. The Court further concluded that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms, and that Congress acted within those historical traditions when it enacted 18 U.S.C. § 922(g)(1) and the prohibition on possession of firearms by felons. "Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons" the Eighth Circuit concluded that the statute is constitutional as applied to Jackson, and affirmed the denial of Jackson's motion to dismiss the indictment. *Id.* at 1129.

In the weeks following *Jackson,* the Eighth Circuit issued several additional similar opinions  Those rulings were summarized in *United States v. Mull*, 113 F.4th 864, 869-70 (8th Cir. 2024), reh'g denied, No. 23-3424, 2024 WL 4492049 (8th Cir. Oct. 15, 2024):

> Mull's argument is foreclosed by Eighth Circuit precedent. See *United States v. Jackson*, 110 F.4th 1120, 1124-25 (8th Cir. 2024) (holding that 18 U.S.C. § 922(g)(1) did not violate the Second Amendment as applied to defendant whose predicate offenses were non-violent drug offenses); *United States v. Lowry*, No. 23-2942, 112 F.4th 629, 632 (8th Cir. Aug. 15. 2024) (holding that Jackson "foreclosed" the defendant's argument "that his conviction under 18 U.S.C. §

922(g)(1) violates his constitutional right to keep and bear arms under the Second Amendment"); *United States v. Cunningham*, No. 22-1080, --- F.4th ---, 2024 WL 3840135, at *3 (8th Cir. Aug. 16, 2024) (holding that Jackson "foreclosed" the defendant's argument "that the Second Amendment guaranteed his right to possess a firearm, despite his status as a twice-convicted felon, because neither of his prior offenses qualified as a 'violent' offense based on the elements of the crime" because "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant").

*Id.* at 869-70.

Defendant acknowledges that on remand in *Jackson,* the Eighth Circuit "did not change the Court's previous rule stating 'neither *Bruen* or *Rahimi* cast doubt on the safe harbor statement in *District of Columbia v. Heller,* 554 U.S. 570 (2008)'" regarding "presumptively constitutional" firearms prohibitions. (Filing No. 62 at CM/ECF p. 2). Nonetheless, Defendant argues that this court should note "what the Supreme Court in *Rahimi* did not decide," specifically referencing Justice Gorsuch's concurring opinion in *Rahimi,* which states:

> So, for example, we do not decide today whether the government may disarm a person without a judicial finding that he poses a "credible threat" to another's physical safety. § 922(g)(8)(C)(i); see ante, at 1898. We do not resolve whether the government may disarm an individual permanently. See *ante*, at 1902 (stressing that, "like surety bonds of limited duration, Section 922(g)(8)'s restriction was temporary as applied to [Mr.] Rahimi"). Nor do we purport to approve in advance other laws denying firearms on a categorical basis to any group of persons a legislature happens to deem, as the government puts it, "not 'responsible.'" *Ante*, at 1903.

Filing No. 62 at p. 2, citing *Rahimi,* 602 U.S. at 713. Defendant argues that because these issues remain unresolved, Eighth Circuit precedent in *Jackson* should not prevail. *Id.*

But Defendant asks this court to do something it cannot, which is to disregard Eighth Circuit authority concerning the very issue before it. Of course it is well established that district courts within the Eighth Circuit are bound to follow Eighth Circuit precedent. See *Hood v. United States,* 342 F.3d 861, 864 (8th Cir. 2003) (reversing because the district court's decision conflicts with established precedent of this Circuit). Like the defendant in *Jackson*, the Defendant in this matter has a prior felony record and he is charged with violating 18 U.S.C. § 922(g)(1). The Eighth Circuit has concluded that the statute is not unconstitutional either on its face or as applied to the

same types of charges pending against Defendant. The undersigned magistrate judge must accordingly recommend that Defendant's motion to dismiss be denied.

IT IS HEREBY RECOMMENDED to the Honorable Robert F. Rossiter, Jr. Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that the Motion to Dismiss filed by Defendant (Filing No. 38) be denied in its entirety. The Defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

Dated this 9th day of December, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge